UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/07
```

:

ELVA SIMON-GRIMES,                                        :         **MEMORANDUM**

                  **Plaintiff,**          :         **OPINION AND ORDER**

                                       :

   - against -                                           :         **06 Civ. 13722 (SAS)**

                                         :

PATHMARK STORES, INC. and
SUPERMARKETS GENERAL, INC.,                              :

                **Defendants.**          :
-----------------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

Defendants have moved, pursuant to Federal Rule of Civil Procedure

("Rule") 37(b)(2)(C), for an Order striking plaintiff's Complaint and dismissing

this action.[1]  However, because "notions of simple fairness suggest that a pro se

---

[1]    Rule 37(b)(2)(C) provides:

> **Sanctions by Court in Which Action is Pending.**  If a
> party or an officer, director, or managing agent of a party
> or a person designated under Rule 30(b)(6) or 31(a) to
> testify on behalf of a party fails to obey an order to provide
> or permit discovery, including an order made under
> subdivision (a) of this rule or Rule 35, or if a party fails to
> obey an order entered under Rule 26(f), the court in which
> the action is pending may make such orders in regard to the
> failure as are just, and among others the following:
>
>                       * * *
>
> **(C)** An order striking out pleadings or parts
> thereof, or staying further proceedings until

litigant should receive an explanation before his or her suit is thrown out of court,"[2] this motion is premature and must therefore be denied. Defendants are invited to renew their motion to dismiss, recasting it as a motion to dismiss for failure to prosecute under Rule 41(b), no earlier than October 1, 2007, in the event that plaintiff fails to appear at the next court-scheduled conference.

On May 24, 2007, plaintiff's former attorney, Debra J. Millman, P.C., requested permission to withdraw as counsel for plaintiff, citing *inter alia* a "lack of communication."[3] On May 25, 2007, this Court endorsed that letter as follows: "Plaintiff's counsel's request to withdraw as counsel is granted. Plaintiff is permitted 30 days to retain new counsel. The conference previously scheduled for June 4, 2007 is adjourned to June 26, 2007, at 4:30 pm and will go forward irrespective of whether plaintiff has retained new counsel by that date."

---

> the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Fed. R. Civ. P. 37(b)(2)(C).

[2]   *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

[3]   5/24/07 Letter to the Court from Debra J. Millman, Esq.

2

Shortly thereafter, the law offices of Debra J. Millman, P.C. sent plaintiff a letter notifying her of its withdrawal and stating further: "The Court has ordered you to appear with your new lawyers in Court at 500 Pearl Street, Courtroom 15 C to proceed with your case if you wish to do so on June 26, 2007."[3] This letter was sent by both regular and certified mail to plaintiff's last known address at 1849 Sedgwick Avenue, Apt. 12B, Bronx, New York 10453.[4] According to Millie Crespo, Millman's legal assistant, the certified letter was returned marked "not accepted" but the letter sent by regular mail was not returned.

Despite the endorsement and the subsequent letter, plaintiff's case cannot be dismissed at this time. Neither the endorsement nor the letter explicitly warned plaintiff that her case would be dismissed if she failed to appear, with or without counsel, on June 26, 2007. The Second Circuit has held that a case should not be dismissed under Rule 37 unless the district court first informs the pro se litigant that a violation of a court-ordered discovery order may result in dismissal.[5]

---

[3]   6/5/07 Letter from Debra J. Millman to Elva Simon-Grimes.

[4]   *See* 8/30/07 Facsimile to plaintiff from Millie Crespo, legal assistant at Debra J. Millman, P.C. (enclosing the Certified Mail Receipt).

[5]   *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990). *Cf. Schenck v. Bear, Stearns & Co.*, 583 F.2d 58, 59 (2d Cir. 1978) (reversing a

Furthermore, defendants' motion is brought under Rule 37(b)(2)(C), which

authorizes dismissal as a sanction for failure to comply with discovery orders. But

here plaintiff was represented by counsel until May 25, 2007. Thus, it would be

unfair to penalize plaintiff, in her pro se capacity, for discovery failures resulting

from the inaction of her counsel while she was represented. For these reasons, it is

inappropriate to dismiss the instant action at this time.[6]

This is, however, the last opportunity plaintiff will have to resuscitate

her flailing lawsuit.[7] Accordingly, plaintiff is hereby directed to appear at a

conference at 3:00 p.m. on October 1, 2007 in Courtroom 15C, either through

counsel or pro se. If plaintiff fails to appear at this conference, defendants will be

---

district court's dismissal for failure to prosecute, noting that "there had been no . .
. judicial participation indicating that a dismissal might be in the offing.").

[6] "[Dismissal with prejudice is a harsh remedy to be used only in extreme
circumstances . . . . " *Bobal*, 916 F.2d at 764 (citation omitted). Thus, "[t]he
sanction of dismissal should not be imposed under Rule 37 unless the failure to
comply with a pretrial production order is due to 'willfulness, bad faith, or any
fault' of the [plaintiff]." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.
1986) (quoting *Societe Internationale Pour Participations Industrielles et
Commerciales v. Rogers*, 357 U.S. 197, 212 (1958)).

[7] *See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121,
124 (2d Cir. 1988) ("And, while pro se litigants may in general deserve more
lenient treatment than those represented by counsel, all litigants, including pro ses,
have an obligation to comply with court orders. When they flout that obligation
they, like all litigants, must suffer the consequences of their actions.").

4

permitted to verbally move for dismissal under Rule 41(b), a motion that will likely be granted.[8]  The Clerk of the Court is directed to close this motion [Document # 12].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            August 31, 2007

---

[8]      Based on plaintiff's past conduct, defendants should consider bringing to Court a proposed Order closing this case under Rule 41(b) in the likely event that plaintiff fails to appear.

5

## - Appearances -

**Plaintiff (Pro Se):**

Elva Simon-Grimes
1849 Sedgwick Avenue
Apt. 12B
Bronx, NY 10453

**For Defendants:**

Henry M. Primavera, Esq.
Kral, Clerkin, Redmond, Ryan
 Perry & Girvan
69 East Jericho Turnpike
Mineola, NY 11501
(516) 742-3470